IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 MAY 15 P 3: 52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

| | |
|---|---|
| **RALPH DON LEWIS, SR.,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO. 1:06CV436-T |
| | * |
| **AMERICAN FAMILY LIFE** | * |
| **ASSURANCE** | * |
| **COMPANY OF COLUMBUS,** | * |
| | * |
| Defendant. | * |

## NOTICE OF REMOVAL

American Family Life Assurance Company of Columbus ("AFLAC"), the Defendant in the above referenced case, hereby files this Notice of Removal of said action from the Circuit Court of Houston County, Alabama to the United States District Court for the Middle District of Alabama, and respectfully shows unto the Court the following:

1.   On or about March 9, 2006, the Plaintiff, Ralph Don Lewis, Sr., instituted a civil action in the Circuit Court of Houston County, Alabama, naming AFLAC as a Defendant. The Plaintiff is at the time of the filing of this Notice of Removal, and was at the time of commencement of this lawsuit, a citizen of the state of Alabama. [Compl., ¶ 1].

2.   AFLAC is at the time of the filing of this Notice of Removal, and was at the time of the commencement of this lawsuit, a corporation organized and

1

existing under the laws of the state of Nebraska and maintaining its principal place of business in Columbus, Georgia. [Compl., ¶ 1].

3.   The Complaint in this action seeks recovery of monetary damages of an unspecified amount, including sums of compensatory and punitive damages, including damages for mental anguish.

4.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant is attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the State Court in which the action is currently pending. A copy of AFLAC's filing in state court is attached hereto as **Exhibit B**.

5.   This Court has original and removal jurisdiction over the above described civil action under the provisions of 28 U.S.C. §§ 1332 and 1441, since this is a civil action where the matters in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and could originally have been commenced in this Court.

6.   It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Since the Complaint seeks an unspecified amount of damages, AFLAC must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (*quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

7. In this case, Plaintiff alleges that AFLAC "willfully, fraudulently, intentionally and in bad faith" denied/refused to pay the Plaintiff a $5,000 benefit under an AFLAC accidental death, injury, and dismemberment policy. [Compl., ¶ 16]. The Plaintiff further contends that this "was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiff under the terms of the policy." [Compl., ¶ 16]. Based on this and other allegations, the Complaint seeks unspecified compensatory and punitive damages for the Plaintiff's injuries and damages, including damages for the benefit due (i.e., $5,000) and for mental and emotional distress. [*See, e.g., id.,* p. 21].

8. Alabama juries in insurance bad faith cases routinely render verdicts in excess of $75,000 exclusive of interest and costs. See, e.g., National Ins. Assoc. v. Sockwell, 829 So. 2d 111 (Ala. 2002)($800,000 jury verdict in uninsured motorist case with $40,000 in benefits at dispute); Congress Life Ins. Co. v. Barstow, 799 So. 2d 931 (Ala. 2001) ($1 Million verdict in insurance bad faith case); Employees' Benefit Assoc. v. Grissett, 732 So. 2d 968 (Ala. 1999)(jury verdict of approximately $151,000 in case concerning $880 claim); Life Ins. Co. v. Gipson, 682 So. 2d 56 (Ala. 1996)(affirming $100,000 verdict in case involving minimal insurance expenses); United Ins. Co. of Am. v. Cope, 630 So. 2d 407 (Ala. 1993)($4 million verdict in case involving potential $335 insurance claim); Principal Financial Group v. Thomas, 585 So. 2d 816 (Ala. 1991)($750,000 verdict

in case involving $1,000 in insurance benefits).

9.   This Notice of Removal is filed within 30 days after the service of process upon AFLAC of the summons and complaint on April 20, 2006. AFLAC filed no appearance or pleading of any kind in State Court in this action.

WHEREFORE, Defendant AFLAC desiring to remove this case to the United States District Court for the Middle District of Alabama, requests that after the filing of this Notice of Removal, the giving of written notice to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Houston County, Alabama, this Court take jurisdiction over this civil action.

/s/ Ronald G. Davenport
Ronald G. Davenport (DAV044)
Attorney for Defendant
American Family Life Assurance Company
of Columbus

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804
rgd@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

Daniel F. Johnson, Esq.
Holly L. Sawyer, Esq.
**Lewis, Brackin, Flowers & Johnson**
P. O. Box 1165
Dothan, AL 36302

Ms. Judy Byrd, Clerk
Houston County Circuit Court
P. O. Drawer 6406
Dothan, AL 36302

by placing a true copy of same in the United States mail, postage prepaid, this 15TH day of May, 2006.

_/s/ Ronald G. Davenport_
Of Counsel