

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

BHY / ALL
Transmittal Number: 4442599
Date Processed: 04/20/2006

| | |
|---|---|
| Primary Contact: | Mr. Steven D. Smith<br>AFLAC, Inc.<br>1932 Wynnton Road<br>Columbus, GA 31999 |
| Copy of transmittal only sent to: | Mr. J. Loudermilk |
| Entity: | American Family Life Assurance Company of Columbus<br>Entity ID Number  2264591 |
| Entity Served: | American Family Life Assurance Co of Columbus |
| Title of Action: | Ralph Don Lewis, Sr. vs. American Family Life Assurance Company of Columbus |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Circuit Court, Houston County, Alabama |
| Case Number: | CV06-167-A |
| Jurisdiction Served: | Alabama |
| Date Served on CSC: | 04/20/2006 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Holly F. Sawyer<br>334-792-5157 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

EXHIBIT
A

"Alias"

AVSO350

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
SUMMONS

CV 2006 000167.00
LARRY K ANDERSON

IN THE CIRCUIT COURT OF HOUSTON COUNTY

RALPH DON LEWIS VS AMERICAN FAMILY LIFE ASSURANCE CO OF COLUMBUS

SERVE ON: (D001)

SSN: 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                                PLAINTIFF'S ATTORNEY

AMERICAN FAMILY LIFE ASSURANCE              JOHNSON DANIEL FOSTER
% CSC LAWYERS, INC.                         POST OFFICE BOS 1165
150 SOUTH PERRY STREET
MONTGOMERY     ,AL  36104-0000              DOTHAN         ,AL  36302-0000

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 04/17/2006                        CLERK/JUDY BYRD  *Judy Byrd, Clerk*
                                        PO DRAWER 6406
                                        DOTHAN AL 36302

RETURN ON SERVICE:

( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
      (RETURN RECEIPT HERETO ATTACHED)

( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
      COMPLAINT TO _____
      IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____            SERVER SIGNATURE _____

SERVER ADDRESS _____  TYPE OF PROCESS SERVER _____

OPERATOR: PAD
PREPARED: 04/17/2006

FILED

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

MAR 0 9 2006

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

| | |
|---|---|
| RALPH DON LEWIS, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: CV 06-167-A |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, | ) **JURY DEMANDED** |
| Defendant. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Ralph Don Lewis, Sr. ("Plaintiff"), by and through his undersigned attorney, and states and alleges as follows:

1. Plaintiff is an adult resident citizen of Houston County, Alabama.

2. Defendant, American Family Life Assurance Company of Columbus ("AFLAC"), is a Nebraska corporation authorized to do business in the State of Alabama. At all times pertinent to this action, AFLAC was a corporation doing business within Houston County, Alabama, by contracting to insure persons from the risk of loss within this state. AFLAC's agent for service of process is the Commissioner of Insurance for the State of Alabama.

3. The Plaintiff purchased an AFLAC accidental death, injury, and dismemberment policy, on April 28, 1995, which covered the Plaintiff and his wife ("the Policy"). Plaintiff has paid monthly premiums of $241.45 from April 1995 to the present.

4. On or about November 10, 2004, the Plaintiff hit his head on a low beam while conducting an inventory of his property for insurance purposes due to Hurricane Ivan. Thereafter, on January 4, 2005, he presented himself at the emergency room of Flowers Hospital in Dothan, Alabama, and he was diagnosed with an acute subdural hematoma

caused by hitting his head on the beam. He was admitted immediately to surgery, and Dr. Bruce Woodham, a brain surgeon in Dothan, performed surgery to remove the hematoma.

5.    The Plaintiff filed a timely claim for his accident and subsequent surgery with AFLAC. The Policy purchased by the Plaintiff states in pertinent part as follows:

> We agree to pay the benefits described in this policy for **loss resulting from injuries received in covered accidents.** For benefits to be payable, the accident must occur while this policy is in force and the resulting loss from bodily injury must begin while this policy is in force.

The policy defines then an accident as follows:

> A sudden unforeseen event that happens by chance (excluding illness or sickness), taking place outside the usual course of events, and which is unexpected by the person to whom it happens.

Thereafter, the Benefits section of the Policy says as follows:

> **C. SPECIFIED LUMP SUM BENEFITS:** We will pay the applicable lump sum benefits shown below for dismemberment and/or injury due to a covered accident, provided such loss occurs within 90 days of the accident.

6.    For a fracture of the skull, the Basic Plan provided by Plaintiff's policy states a benefit of $5,000.00. The policy does not state that the fracture itself must be accidental. It is undisputed that the Policy was in force at the time of the accident at issue.

7.    AFLAC sent the Plaintiff a check for $75.00 for hospital benefits arising in connection with the surgery performed on the Plaintiff on January 4, 2005. AFLAC denied the Plaintiff any benefits under the Policy for the fracture of the Plaintiff's skull by the doctor in connection with the Plaintiff's brain surgery, which arose because of the accident suffered by the Plaintiff on November 10, 2004.

## COUNT ONE
### (Breach of Contract)

8.    Plaintiff realleges and adopts paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. Effective April 28, 1995 the Plaintiff and AFLAC did enter into a binding and enforceable accidental death and dismemberment insurance policy. This policy was a contract between the Plaintiff and Defendant to provide benefits in the event that the Plaintiff was involved in an accident that gave rise to an injury.

10. The Plaintiff performed under the said contract and fulfilled all of his obligations required to maintain said coverage and the Plaintiff promptly gave notice of his claim as required after the injury.

11. The Defendant breached said contract by failing and/or refusing to pay Plaintiff's benefits rightfully due him under said insurance policy.

12. The Plaintiff, as a direct and proximate result of said breach, has been caused to suffer harm, incur expenses, suffered emotional distress and mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant in such amount as may be shown by the evidence and which the Jury will allow, plus costs, attorneys fees and all other relief to which this Honorable Court may deem Plaintiff to be entitled.

## COUNT TWO
### (Bad Faith)

13. Plaintiff realleges and adopts paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. This action is brought for consequential and punitive damages due to the Defendant's bad faith refusal to pay Plaintiff's claim for benefits under the aforementioned accidental death and dismemberment policy of insurance.

15. AFLAC has intentionally refused to pay Plaintiff's claim and has no reasonably legitimate or arguable reason for that refusal to pay. Specifically, AFLAC claims that the Plaintiff's skull fracture was not accidental, but instead was a result of the intentional act of the physician. However, the policy refers to accidental injuries, but it

does not specify that the fracture must itself be accidental. Furthermore, the policy does not exclude surgeries that are the direct and proximate result of the accident. AFLAC has willfully ignored the evidence supplied to it by Plaintiffs.

16. Defendant has acted willfully, fraudulently, intentionally, and in bad faith in refusing to consider the nature and extent of Plaintiff's loss and in refusing to pay Plaintiff's claim. This was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiff under the terms of the policy.

17. Defendant had no legitimate or arguable reason for refusing to pay Plaintiff's valid claims.

18. Defendant has actual knowledge of the absence of any legitimate or arguable reason for refusing to pay Plaintiff's claims.

19. Defendant's intentional refusal to pay Plaintiff's valid claims was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the policy.

20. Defendant's conduct in intentionally refusing to pay Plaintiff's valid claims is malicious, fraudulent, oppressive, and otherwise reflects a conscious disregard of Plaintiff's rights.

21. As a proximate result of Defendant's intentional refusal to pay Plaintiff's valid claims, and Defendant's consequent breach of the implied-in-law duty of good faith and fair dealing, Plaintiff has been caused to suffer and endure mental and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant, AFLAC, for compensatory and punitive damages, in an amount to be determined by the trier of fact,

4

plus interests and court costs, together with any and all additional amounts which Plaintiff, Ralph Don Lewis, Sr., may be entitled to recover from Defendant as a result of its aforesaid conduct.

### JURY DEMAND

**Plaintiffs demand trial by struck jury.**

Respectfully submitted this 9th day of March, 2006.

LEWIS, BRACKIN, FLOWERS & JOHNSON

*/s/ Holly J. Sawyer*
DANIEL F. JOHNSON (JOH130)
HOLLY L. SAWYER (SAW012)
Attorney for Plaintiffs
Post Office Box 1165
Dothan, Alabama 36302
Tel: (334) 792-5157
Fax: (334) 671-0977

**SERVE DEFENDANT VIA CERTIFIED MAIL AT:**

American Family Life Assurance Company of Columbus
c/o Commissioner of Insurance
Alabama Department of Insurance
P.O. Box 303351
Montgomery, Alabama 36130



JUDY BYRD
CIRCUIT CLERK
DISTRICT COURT CLERK
P. O. DRAWER 6406
DOTHAN, ALABAMA 36302

**RETURN RECEIPT REQUESTED**

**CERTIFIED MAIL**

7004 2510 0005 7149 6258

4-20-06

AMERICAN FIMILY LIFE ASSURANCE
COMPANY OF COLUMBUS
% CSC LAWYERS, INC.
150 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104





APR 19 2006

$04.88

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| RALPH DON LEWIS, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Civil Action No.: _____ |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, | ) ) **JURY DEMANDED** ) |
| Defendant. | ) |

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT AFLAC

COMES NOW the Plaintiff, Ralph Don Lewis, Sr., pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, propounds the following set of interrogatories to the Defendant, American Family Life Assurance Company of Columbus ("AFLAC").

**Instructions**

In answering these interrogatories and responding to this request for production of documents, the following terms shall have the meanings as set forth therein, and shall be deemed to be as broad and inclusive as interpretation of such terms shall permit:

a. The term "defendant" shall mean and refer to the Defendant, American Family Life Assurance Company of Columbus, in this civil action.

b. The term "plaintiff" shall mean and refer to and include (I) the Plaintiff, Ralph Don Lewis, Sr., (II) his attorneys, (III) any representatives of any of the foregoing, past or present.

c. The term "documents" shall mean, refer to, and include every original and non-identical copy of each and every paper, writing (including blind copies), invoice, statement, bill, voucher, ledger, sheet, letter, telegram, picture, photograph, negative, slide, movie, film, visual or audio-transcription, report, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report or other document as herein defined), contract, agreement, form, worksheet, daily and weekly time sheet, expense ledger, check, (canceled or otherwise), check stub, receipt, memorandum of telephone conversation or other conversation, witness (including, but not limited to potential witness) interview, sound recordings, sound recording transcription, intra-office and/or intercompany memorandum, engineering study, cross section, expert analysis, computer printout, book of account, payroll record,

minutes, diaries (both company and personal), log, file card, evidence of expenses incurred, work memorandum, report of investigation and/or inspection, file memorandum, bid, request for proposal, proposal, record, brochure, book, microfilm, proposal, list paper containing price information, data stored or recorded on or in punch cards, computer tapes, discs, reels, other devices for business machines, other means of storing and/or transmitting human intelligence, transcripts, affidavits, pleadings, answers to interrogatories, response to request for admission (whether in this proceeding or any other), and printed or readable material, and any and all other tangible or intangible data or matter.

    d. The terms "relates to" or "relating to" mean constitutes, contains, embodies, records, reflects, identifies, states, refers to, deals with or is pertinent to.

    e. The terms "identify" or "identity", when used in reference to an individual, mean to state his full name, address, telephone number and present or last known employer, position or business affiliation, and such employers address. When used in reference to a firm, partnership, corporation or other organization, "identify" or "identity" means to state its name (legal and fictitious name) and present or last known address. When used in reference to a document, "identify" or "identity" means to state the type of document (i.e., letter, memorandum, book, telegram, chart, etc., as described further hereinabove), or some other means of identifying, its date and its present location or custodian; if any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

    f. The terms "and" and "or" shall both mean "and" and "or" and are used herein interchangeably and encompass each other.

    g. The terms "you" and "your" shall collectively refer to the defendant.

    In answering these interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information and documents in the possession of your attorneys, accountants, advisors, subsidiaries, affiliates or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control, whether or not such knowledge comes from hearsay information. If these interrogatories cannot be answered or responded to in full, answer and respond to the extent possible, specify the reason for your inability to answer or respond to the remainder, and state whatever information or knowledge you have regarding the unanswered part, including any person or source from which you think the answer can be obtained.

    Whenever an interrogatory asks for the "sources" of any fact, knowledge or information, identify each and every person and document from whom or from which you obtained the fact, knowledge or information.

Whenever an interrogatory requires you to "identify" or "describe" acts, facts, information, the basis of a claim, counterclaim or defense, or the substance or content of a discussion, instruction, projection, statement, representation, misrepresentation, agreement, or contract, your answer should set forth each and every item of pertinent information which you possess or to which you have access.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1. State the name, title, position with AFLAC, address, and telephone number of the individual who is completing these interrogatories.

   **ANSWER:**

2. Pursuant to any Accident Policy of insurance containing the terms and conditions related to coverage which are contained in the Accident Policy issued to the Plaintiff in this case, have you denied a claim to any individual for a fracture arising from surgery? If so, please provide a list of any such claim denied by name, address, and telephone number of the policyholder.

   **ANSWER:**

3. Pursuant to any Accident Policy of insurance containing the terms and conditions related to coverage which are contained in the Accident Policy issued to the Plaintiff in this case, have you paid a claim to any individual for a fracture arising from surgery? If so, please provide a list of any such claim denied by name, address, and telephone number of the policyholder.

   **ANSWER:**

4. Have you changed the terms and conditions of the family Accident Policy issued to the Plaintiff in this case since its issuance to Plaintiff? If so, please produce a copy of each such changed form and attach them to your answer to these Interrogatories.

   **ANSWER:**

DATED this _____ day of March, 2006.

LEWIS, BRACKIN, FLOWERS & JOHNSON

*Holly J. Sawyer*
DANIEL F. JOHNSON (JOH-130)
HOLLY L. SAWYER (SAW-012)
Attorneys for Plaintiff
P O Box 1165
Dothan, Alabama 36302
(334) 792-5157
(334) 671-0977 Fax

**SERVE DEFENDANT VIA CERTIFIED MAIL AT:**

American Family Life Assurance Company of Columbus
c/o Commissioner of Insurance
Alabama Department of Insurance
P.O. Box 303351
Montgomery, Alabama 36130

4